UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RICHARD GEORGE and JOHN BAXTER,

                Plaintiffs,

-against-

CARLOS M. GUTIERREZ, Secretary of
Commerce; VICE ADMIRAL CONRAD C.
LAUTENBACHER, Assistant Administrator;
ELDON HOUT, L.CHRISTINE McCAY, and
HELEN FARR-BASS, of the Department of
Commerce and its Subdivisions; ALPHONSO
JACKSON, Commissioner, United States
Department of Housing and Urban Development;
RANDY A. DANIELS, Secretary of State;
VANCE BARR, Consistency Review Specialist,
Division of Coastal Resources; ERIN CROTTY,
Commissioner, New York State Department of
Environmental Protection; JUDITH A.
CALOGERO, Commissioner, New York State
Division of Housing and Community Renewal,
Housing Trust Fund Corporation; AUDREY I.
PHEFFER, New York State Assembly Member;
JILL KONVISER-LEVINE, New York State
Inspector General; OFFICE OF THE INSPECTOR
GENERAL; ELLIOT SPITZER, Attorney General
of New York State; AMANDA BURDEN, Chair,
DAVID KARNOVSKY, Council, and WILBER
WOODS, Director, Waterfront and Open Space
Division; JOHN YOUNG, Director, City
Planning, Queens; PUBLIC OFFICERS OF THE
NEW YORK CITY DEPARTMENT OF CITY
PLANNING, ACTING AS THE CITY COASTAL
COMMISSION; PATRICIA LANCASTER,
Commissioner, MAGDI MOSSAD, Queens
Borough Commissioner, and PHYLLIS ARNOLD,
Esq., General Council, New York City Department
of Buildings; SHAUN DONOVAN, Commissioner,
JOSEPH ROSENBERG, Deputy Commissioner,
HELEN GITELSON, Public Officers, New York
City Housing Preservation and Development;
EMILY YOUSSOUF, President, New York City
Housing Development Corporation; IRIS

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

1:04-cv-3901-ENV-LB

WEINSHALL, Commissioner, New York City :
Department of Transportation; DAVID YASSKY, :
New York Council Member Chairman, Waterfront :
Committee; HELEN MARSHALL, Queens :
Borough President; JONATHAN GASKA, :
Community Board #14 District Manager; :
and UNITED HOMES, BROOKFIELD :
PROPERTIES, and AUTUMN EQUITIES et al., :
:
                           Defendants. :
:
-----------------------------------------------------------X

VITALIANO, D.J.

Plaintiffs Richard George and George Baxter have filed complaints seeking to enjoin certain coastal development projects in their neighborhood that they believe are inconsistent with New York's coastal management plan.

As the Report and Recommendation explains, plaintiffs invoke the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451, et seq., in hopes of asserting a viable cause of action against any of a host of named defendants, the ranks of whom include officials of city, state, and federal government, as well as private developers. These four groups of defendants have all moved under Federal Rule of Civil Procedure 12 for either dismissal or judgment on the pleadings. On September 26, 2006, the Court referred all of the pending motions to the Honorable Lois Bloom, United States Magistrate Judge. On February 16, 2007, Magistrate Judge Bloom recommended that the Court grant all of defendants' motions and dismiss this action. The Court extended plaintiffs' time to object to March 9, 2007, and plaintiffs have timely done so.

When a magistrate judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party . . . [t]he magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when

appropriate." Fed. R. Civ. P. 72(b). In reviewing such a Report and Recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Findings that are timely objected to require a *de novo* determination by the district judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The *de novo* standard obliges the district judge to make an "independent determination of a controversy that accords no deference to any prior resolution of the same controversy." Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 51 F. Supp. 2d 457, 466 (S.D.N.Y. 1999) (quoting Raddatz, 447 U.S. at 690 (Stewart, J., dissenting)).

In their objections, plaintiffs claim in a conclusory fashion that Magistrate Judge Bloom has ignored facts and incorrectly applied the law. For instance, plaintiffs state that Magistrate Judge Bloom has "not accepted all well pleaded factual allegations as true," that she "lacks basic reading comprehension skills" and "has decided to become judicial activists and ignore congressional intent." Collectively, plaintiffs' objections are primarily legal ones that are insufficiently specific to present a true challenge as to the correctness of the Report and Recommendation. Nowhere in plaintiffs' rambling objection is there a clear statement of **specific acts** of any of the defendants that would potentially support a claim.

Nevertheless, as required, the Court has conducted a *de novo*, non-deferential and, indeed, thorough review of the record. A restatement here to the same effect as Magistrate Judge Bloom's findings and conclusions is unnecessary. Because of their clarity and precision, her own statement in the record is sufficient. The Court finds Magistrate Judge Bloom's findings and conclusions to be correct, well-reasoned, and well-expressed. Plaintiffs' objections, on the other hand, are legally baseless and completely unavailing.

Accordingly, upon *de novo* review, the Court adopts in full the Report and Recommendation of Magistrate Judge Bloom, dated February 16, 2007, as the Decision and Order of this Court. Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The consolidated complaint is dismissed in its entirety as to all defendants. The motions of the federal defendants to strike a portion of plaintiffs' affirmation and the motions pending in this docket prior to case consolidation are terminated as academic.

**SO ORDERED.**

Dated: Brooklyn, New York
March 28, 2007

ERIC N. VITALIANO
United States District Judge